Robert W. CARVER and Diana Carver, Plaintiffs,

v.

VELODYNE ACOUSTICS, INC., Defendant.

No. C00–1194L.

United States District Court, W.D. Washington, at Seattle.

Aug. 20, 2001.

James W. Anable, Jeffrey W. Reis, Steven P. Fricke, Christiansen, O'Connor, Johnson & Kindness, PLLC, Seattle, WA, for plaintiffs.

Brian G. Bodine, David W.C. Chen, Seed Intellectual Property Law Group, PLLC, Seattle, WA, for defendant.

## ORDER GRANTING MOTION TO COMPEL

LASNIK, District Judge.

This matter comes before the Court on defendant Velodyne Acoustics, Inc.'s ("Velo-

dyne's") motion to compel responses to interrogatories, license agreements in response to requests for production and a privilege log. For the reasons explained below, Velodyne's motion to compel is granted.

## I. DISCUSSION

On April 6, 2001, Velodyne served its first set of interrogatories and requests for production. On May 25, 2001, the Carvers served their objections and answers. Since Velodyne filed its motion, the Carvers have produced some supplemental answers. The parties had ongoing discussions regarding the discovery requests and attempted to resolve this discovery dispute before bringing it before this Court.

### A. *Interrogatories*

Velodyne asserts that the Carvers provided inadequate answers to Interrogatory Numbers 1–5. Interrogatory Number 1 asks the Carvers to identify for each claim "by part number or model number each driver or subwoofer made or sold by Velodyne" that infringes the patents-in-suit. The Carvers' original answer listed seven models that they believe infringe the patents-in-suit. It did not identify any of the claims that were infringed by these products. The Carvers' supplemental answer lists the seven products and the claims that each product allegedly infringes and provides a complete answer to this interrogatory. Accordingly, Velodyne's motion to compel a complete answer to Interrogatory Number 1 is moot.

■ Interrogatory Number 2 asks the Carvers to identify how each product listed in response to Interrogatory Number 1 infringes each claim. The Carvers provide a minimal response, alleging that the seven products infringe via direct infringement, literal infringement and the doctrine of equivalents. They assert that they are unable to provide a complete response because they require Velodyne's responses to their discovery requests.

It has been over a year since the Carvers filed their lawsuit and they have had sufficient time to investigate the merits of how each product infringes each claim. As the

Federal Circuit stated in a similar situation, "If [the accuser] needed more time to substantiate its infringement claim, it could have delayed filing suit until its factual investigation was completed or requested more time for discovery." *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 649 (Fed.Cir. 1994). The Court directs the Carvers to provide Velodyne with a complete response to Interrogatory Number 2.

■ Interrogatory Number 3 requests "a claim chart, or its equivalence" specifying how each element of each claim of the patents-in-suit is infringed by each Velodyne product. The Carvers, with no supporting explanation, object to this interrogatory on the grounds that the information is protected by attorney-client privilege and work-product immunity. They also state that they cannot respond to the interrogatory because they lack necessary discovery responses from Velodyne. They supplemented their answer and state they have now provided the equivalence of a claim chart.

The supplemental answer submitted by the Carvers is far short of the information disclosed by a claim chart. The first part of the two-part analysis for patent infringement is construing the language of the claim. *See Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed.Cir.1996). This step does not require discovery. *See id.* Claim charts are standard discovery requests in patent infringement cases and are both relevant and discoverable. *See Ecrix Corp. v. Exabyte Corp.*, 95 F.Supp.2d 1155, 1157 n. 2 (D.Colo.2000).

The Carvers' objections on the grounds of attorney-client and work-product privilege are meritless. The claim charts are relevant and discoverable. Velodyne is entitled to know what led the Carvers to file their patent infringement suit. There is no reason for the Carvers to delay disclosure until the *Markman* hearing. The Carvers are ordered to provide Velodyne with a claim chart in response to Interrogatory Number 3.

■ Interrogatory Number 4 seeks to know how the Carvers construe the claim language in order to determine infringement. The Carvers raise similar objections to this

interrogatory. They state the claims should be construed according to their plain meaning by people skilled in the relevant art and in accordance with definitions in the specification and file histories of the patents-in-suit.

For the same reasons articulated with regard to Interrogatory Number 3, the Carvers are ordered to provide a complete response to Interrogatory Number 4. Their current answer is deficient and in no way resembles a complete answer regarding claim construction.

 Interrogatory Number 5 seeks any terms that should be interpreted contrary to their normal usage. The Carvers state that the claims should be construed according to their plain meaning and according to definitions stated in the specifications and file histories of the patents-in-suit. This response does not definitively answer whether there are any terms that are not interpreted in accordance with their normal usage. The Carvers are instructed to respond with a direct answer to this interrogatory.

### B. *License Agreements*

Velodyne seeks license agreements that it alleges have been withheld. On August 2, 2001, the Carvers filed a surreply, stating that they produced the previously withheld license agreements to Velodyne. The Court relies upon the Carvers' representation that it has produced all license agreements sought by Velodyne and therefore finds this request to be satisfied.

### C. *Privilege Log*

Velodyne alleges that the Carvers have withheld documents but have not produced a privilege log. Since this motion was filed, the Carvers have apparently produced a privilege log. Velodyne asserts that the privilege log is insufficient because it does not include the category of patent prosecution correspondence. Accordingly, the Court directs the Carvers to produce a complete privilege log.

### D. *Attorney's Fees*

Pursuant to Fed.R.Civ.P. 37(a)(4)(A), Velodyne has requested attorney's fees in accordance with its motion to compel. The Court does not find that the Carvers' objections were substantially justified because the interrogatories should have been responded to in a complete manner and a privilege log should have been produced. Accordingly, Velodyne is instructed to submit a declaration regarding the fees and costs associated with this motion. The Court will then issue an order regarding attorney's fees.

## II. CONCLUSION

For the foregoing reasons, Velodyne's motion to compel is GRANTED. The Carvers are instructed to provide complete answers to Interrogatory Numbers 2–5 and to produce a complete privilege log within 10 days of the date of this Order. Velodyne's request for attorney's fees shall be addressed in a supplemental Order. The Clerk of the Court is directed to send copies of this Order to all counsel of record.